Eber Odahir RIVERA–JIMENEZ,
Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 10–70010.

United States Court of Appeals,
Ninth Circuit.

Submitted March 11, 2014.*

Filed March 24, 2014.

Edgardo Quintanilla, Quintanilla Law Firm, Inc., Sherman Oaks, CA, for Petitioner.

Chief Counsel ICE, Office Of The Chief Counsel Department of Homeland Security, San Francisco, CA, OIL, Claire Workman, Trial, John Clifford Cunningham, I, Esquire, Senior Litigation Counsel, Luis E. Perez, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, for Respondent.

Before: D.W. NELSON, PAEZ, and NGUYEN, Circuit Judges.

MEMORANDUM **

Eber Odahir Rivera–Jimenez ("Rivera–Jimenez"), a native of Honduras, petitions for review of a decision by the Board of Immigration Appeals ("BIA") denying his motion to reconsider a May 28, 2009 decision affirming an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Reviewing the BIA's denial of the motion to reconsider for abuse of discretion, *Ghahremani v. Gonzales,* 498 F.3d 993, 997 (9th Cir.2007), we deny the petition for review.

Rivera–Jimenez argues that the BIA abused its discretion in conducting an independent analysis of Rivera–Jimenez's social group claim. This argument is without merit. The BIA is permitted to review de novo questions of law in appeals from the decision of an IJ. 8 C.F.R. § 1003.1(d)(3)(ii); *Brezilien v. Holder,* 569 F.3d 403, 412 n. 3 (9th Cir.2009). Where the BIA conducts a de novo review, "[a]ny error committed by the IJ will be rendered harmless by the Board's application of the correct legal standard." *Ghaly v. INS,* 58 F.3d 1425, 1430 (9th Cir.1995). Here, the BIA acted well within its authority to review Rivera–Jimenez's social group claim de novo and did not abuse its discretion in denying Rivera–Jimenez's motion to reconsider on this ground.

Rivera–Jimenez also argues for the first time on appeal that the IJ and BIA erred in failing to review his claim of past persecution from the perspective of a child, as required by *Hernandez–Ortiz v. Gonzales,* 496 F.3d 1042, 1046 (9th Cir.2007). Although Rivera–Jimenez was a minor when he was allegedly persecuted, he failed to raise this argument before the BIA when he filed his motion to reconsider. Accordingly, Rivera–Jimenez has not exhausted this legal claim and the court is without jurisdiction to review it. See 8 U.S.C. § 1252(d)(1); *see also Tijani v. Holder,* 628 F.3d 1071, 1080 (9th Cir.2010) (holding there is no jurisdiction to review legal

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

claims not presented by the petitioner before the BIA).

**PETITION DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.